IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID PERRY, | ) | C 08-5041 MMC(PR) |
| Petitioner, | ) ) | **ORDER OF TRANSFER** |
| vs. | ) ) | **(Docket No. 2)** |
| EDMUND G. BROWN, JR., | ) ) | |
| Respondent. | ) ) | |

On November 4, 2008, petitioner, a California prisoner confined at the California Medical Facility at Vacaville, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the validity of his criminal conviction, which was obtained in the Superior Court of Solano County. He seeks leave to proceed in forma pauperis.

Pursuant to 28 U.S.C. § 2241(d), venue for a habeas action is proper in either the district of confinement or the district of conviction. See 28 U.S.C. § 2241(d). Where the petition challenges a conviction or sentence, however, federal courts in California traditionally have chosen to hear such petition in the district of conviction. See Dannenberg v. Ingle, 831 F. Supp. 767, 767 (N.D. Cal. 1993); Laue v. Nelson, 279 F. Supp. 265, 266 (N.D. Cal. 1968); see also Habeas L.R. 2254-3(a)(1). In the instant action, petitioner was convicted and also is confined in Solano County, which is located within the venue of the

Eastern District of California.  See 28 U.S.C. § 84(b).  Consequently, venue is proper in the Eastern District, not in the Northern District.

When venue is improper, the district court has the discretion to either dismiss the action or transfer it "in the interest of justice."  See 28 U.S.C. § 1406(a).  Accordingly, in the interest of justice, the above-titled action is hereby TRANSFERRED to the United States District Court for the Eastern District of California.  In light of the transfer, this Court will defer to the Eastern District with respect to petitioner's application to proceed in forma pauperis.

This order terminates Docket No. 2.

IT IS SO ORDERED.

DATED: November 17, 2008

_____
MAXINE M. CHESNEY
United States District Judge