IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

David M. Perry,

    Petitioner,                 No. 2:08-cv-02771-MDS

    vs.                           <u>ORDER</u>

Edmund G. Brown, Jr.,

    Respondent.

_____/

      Petitioner David M. Perry is a state petitioner proceeding *pro se* with an application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254(a). Pending before this court are Perry's application for a writ of habeas corpus (Doc. 1), Respondent Edmund G. Brown, Jr.'s Answer (Doc. 12), and Exhibits 1-8 lodged by Brown. For the reasons discussed below, Perry's application is DENIED.

I

      On February 16, 2007, Perry was convicted by a Solano County Superior Court jury of (1) possessing cocaine base for sale (Cal. Health & Safety Code § 11351.5) and (2) resisting, obstructing, or delaying a peace officer (Cal. Penal Code § 148(a)(1)). Ex. 1 at 255-56. The court found two enhancement allegations true based on evidence of Perry's prior felony convictions (Cal. Health & Safety Code § 11370.2; Cal. Penal Code § 667.5). Ex. 1 at 257. On March 13, 2007, Perry was sentenced to 7 years in state prison. Ex. 1 at 286.

PDF created with pdfFactory trial version www.pdffactory.com

## A

Perry filed a direct appeal of his conviction before the California Court of Appeal, First Appellate Division. In its decision affirming the judgment, the Court of Appeal summarized the relevant facts as follows:[1]

> Sergeant Park of the Vallejo Police Department was on patrol in a marked police vehicle just after midnight on January 18, 2006, traveling westbound on Tennessee Street at Sonoma Boulevard, a "drug-infested area" of Vallejo. He observed [Perry] and another person standing "face-to-face" in an alley just south of the Nation's Hamburger parking lot. [Perry] appeared to be "handing something off" to the other person. In light of his experience and the "very high" incidence of narcotics use and sales in the area, Sergeant Park believed that "a possible narcotics transaction or sale had occurred."
>
> Sergeant Park made a U-turn, drove into a nearby alley, and turned his lights off. [Perry] began walking westbound in the alley directly toward the officer. When Sergeant Park turned his lights back on, [Perry] "made an abrupt about-face turn," and walked in the opposite direction away from the patrol vehicle, toward Sonoma Boulevard. Sergeant Park drove onto Sonoma Boulevard, where he observed [Perry] "still walking away at a hurried pace."
>
> Sergeant Park noticed that [Perry] committed pedestrian traffic infractions. He pointed his spotlight at [Perry], identified himself "as police," and yelled "stop." [Perry] looked back over his shoulder but "just continued to walk" toward the main gate of the Traveler's Inn Motel. Sergeant Park thought [Perry] was "trying to elude" him. He requested assistance, drove to the front of the motel, got out of his car, and "started running towards" [Perry].
>
> As [Perry] reached a staircase, Sergeant Park observed that he made a "motion of his right hand going towards his mouth," which signified to the officer that he [might have been] swallowing drugs, and ran up the stairs. Sergeant Park "gave chase" up the stairs, as [Perry] reached the second floor balcony at the top of the staircase and "started to walk away in a hurried pace again." [Perry] then began "throwing personal items over the railing" of the balcony. Sergeant Park repeatedly ordered [Perry] to "stop" and "get on the ground," but [Perry] did not comply. According to Sergeant Park, he had a good view of [Perry] in the alley illuminated by the patrol vehicle spotlight, and maintained a "continuous view of him thereafter - except for a "second or two" when [Perry] turned the corner of the building.
> Sergeant Park caught [Perry] on the balcony and pushed him to the ground. [Perry's] right hand disappeared into the "belly area" of his bulky clothing, which caused the officer concern that he might be "in possession of a weapon." Sergeant Park "unholstered" his firearm, pointed it at [Perry] and commanded him to "lay down on the ground." Again [Perry] did not comply.

---

[1] The factual findings of the Court of Appeal are presumed correct as Perry has not raised a challenge to their accuracy. *See* 28 U.S.C. § 2254(e)(1); *Hernandez v. Small*, 282 F.3d 1132, 1135 n.1 (9th Cir. 2002).

2

PDF created with pdfFactory trial version www.pdffactory.com

He froze momentarily, then stood up, lunged abruptly and contacted Sergeant Park's arm, causing the gun to discharge into the ceiling above.

After the shot was fired [Perry] immediately raised his hands and dropped to the ground as ordered by Sergeant Park, whereupon he was handcuffed. [Perry] remained "agitated and hostile." A search of [Perry] uncovered a key to room 24 of the motel. No weapon or drugs were found in [Perry's] personal possession.

After backup officers arrived the motel room was searched. DMV paperwork, a car registration, and other documents with [Perry's] "name on it" were found. [Perry] was the only person registered in room 24, and no "paperwork belonging to anybody else" was found. A large clear plastic bag that contained 24 "rocks" of crack cocaine, each one individually wrapped in plastic with a knot at the top, having a total weight of 3.73 grams, was found in a drawer in the motel room. The officers did not discover a cell phone, smoking pipe or other drug paraphernalia, packaging material, or money in the room or in [Perry's] possession. [Perry] continued to exhibit "hostile and uncooperative" behavior, so Sergeant Park did not administer a test to determine if he was under the influence of drugs. Sergeant Park "couldn't tell" from [Perry's] appearance and conduct if he was "under the influence" of cocaine.

Two "small knotted pieces" of plastic baggies were observed at the base of the stairs where Sergeant Park had seen [Perry] throw "something down." The knots appeared to have been bitten or torn off plastic baggies, and were "similar" in size to the knots on the baggies of crack cocaine found in [Perry's] motel room. A plastic bag which contained loose tobacco, a piece of paper and match sticks [were] left on the railing outside the room.[2]

Ex. 6 at 1-3, footnote in original.

B

The Court of Appeal affirmed Perry's conviction on March 27, 2008. Ex. 6. On April 1, 2008 Perry sought review in the California Supreme Court. Ex. 7. The California Supreme Court denied the petition for review on June 11, 2008. Ex. 8.

C

On November 4, 2008, Perry filed a pro se petition for writ of habeas corpus with this court pursuant to 28 U.S.C. § 2254(a). Doc. 1.

II

A

---

[2] The bag was apparently found by an officer in the vicinity on the ground, and placed on the railing.

PDF created with pdfFactory trial version www.pdffactory.com

Perry's petition was filed after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, a federal court has limited power to grant habeas corpus relief. AEDPA provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision may result in a decision that is "contrary to" established federal law if it "applies a rule that contradicts the governing law set forth in our cases" or "confronts a set of facts that are materially indistinguishable from a decision of the Court and nevertheless arrives at a result different from our precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). "[C]learly established Federal law" is defined as "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). The state court's decision may be "an unreasonable determination" if "the state court identifies the correct governing legal principle" but applies the principle unreasonably to the prisoner's factual situation. *Williams*, 549 U.S. at 413.

State court decisions are subject to reversal through federal habeas relief only if they are unreasonable, not merely erroneous. *Early v. Packer*, 537 U.S. 3, 11 (2002). Under the deferential standard required by § 2254(d), state court decisions must "be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

B

PDF created with pdfFactory trial version www.pdffactory.com

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing 28 U.S.C. § 2254(b)). A federal claim is exhausted when it has been fairly presented to the state courts, giving the state courts the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

### C

"In determining whether a state court decision is contrary to federal law, we look to the state's last reasoned decision." *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002). Although the California Supreme Court denied Perry's petition for review, the California Court of Appeal, First Appellate Division, addressed his claim in a reasoned opinion. Therefore, this court must look to the Court of Appeal's decision in determining this claim. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

### D

In his petition, Perry raises several allegations on federal grounds, only one of which, that the conviction violated his due process rights due to insufficiency of the evidence, was fairly presented to the state court. Based on statements in his petition, he appears to now also claim that he was assaulted by the police officer at the time of his arrest, that his hotel room was searched in violation of the Fourth Amendment, that the state unconstitutionally applied a misdemeanor sentencing enhancement to his felony conviction, and that he received ineffective assistance of counsel at trial. Doc. 1 at 7, 11, 12.

This court will not review claims not presented to the state court. Accordingly, all claims raised for the first time in Perry's instant petition are dismissed as unexhausted. The sole remaining claim, that Perry was convicted in spite of insufficient evidence, is addressed below.

### III

5

PDF created with pdfFactory trial version www.pdffactory.com

The Supreme Court has established that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). Under *Winship*, the court must review the record evidence to determine whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Under this standard, juries have "full play . . . to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.*

In identifying the correct standard by which to consider Perry's claim, the Court of Appeal cited its own precedent to find that its "'sole function as a reviewing court in determining the sufficiency of the evidence is to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Ex. 6 at 7 (quoting *In re Michael M.*, 104 Cal. Rptr. 2d 10, 16 (Cal. Ct. App. 2001)). Clearly, the Court of Appeal applied a standard that neither contradicted nor unreasonably applied established federal law.

Applying this standard to the facts of the case, the Court of Appeal concluded that "Detective Lucero's expert testimony that the cocaine was possessed for sale furnishes substantial evidence of the intent to sell element in the present case," sufficient to support the conviction. Ex. 6 at 8. Detective Lucero, whose expertise has not been challenged, based his opinion on the large amount of cocaine found in Perry's hotel room and the lack of any user paraphernalia, the fact that the drugs were pre-packaged into sellable quantities, the high incidence of drug sales in the area, and Perry's "handing something off" when first observed by Sergeant Park. Ex. 2 at 149-53; 158-64. In addition, the jury was presented with stipulated evidence that Detective Lucero had earlier arrested Perry for possession of cocaine base for sale, and that the arrest had resulted in a conviction.

6

PDF created with pdfFactory trial version www.pdffactory.com

The Court of Appeal acknowledged that Perry had presented "some evidence that may have conflicted with Detective Lucero's testimony," including evidence that Perry was a heavy user of rock cocaine and that he used disposable instruments to smoke, explaining the lack of paraphernalia in his room. Ex. 6 at 8. Perry also argued that the lack of any drug sales paraphernalia contradicted the officer's conclusion that he was a drug dealer, and that Detective Lucero was a biased witness. However, the Court of Appeal noted that under its deferential standard of review, there was not a sufficient conflict to overturn the jury verdict. Ex. 6 at 9.

This ruling was not an unreasonable application of established federal law. A reasonable jury could have credited Detective Lucero's testimony, particularly as it was supported by physical evidence, and discredited Perry's claims. Under AEDPA's deferential standard, the state court rulings must be upheld.

## Conclusion

Because this court concludes that the state court's rulings were not contrary to nor an unreasonable application of clearly established federal law, it cannot grant Perry's application. Accordingly, it is hereby ORDERED that Perry's application for a writ of habeas corpus is DENIED. The Clerk is directed to enter judgment and close the case.

DATED: May 13, 2009

/s/ Milan D. Smith, Jr.
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

7

PDF created with pdfFactory trial version www.pdffactory.com